UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIRA MOORE and ZY'AIRE JERMAINE
PERRY a minor by his parent and legal guardian
Kira Moore,

    Plaintiffs,

COMPCARE HEALTH SERVICES INSURANCE
CORPORATION and STATE OF WISCONSIN
DEPARTMENT OF HEALTH SERVICES,

    v.

Case No. 25-cv-0531-bhl

KASSAHUN HAILE, HILL BILLY TRUCKING
LLC, BOWMAN SALES AND EQUIPMENT INC,
XPRESS LINE INC, CHUBB NATIONAL INSURANCE
COMPANY, SOUTHLAKE SPECIALTY INSURANCE
COMPANY, and ABC INSURANCE COMPANY,

    Defendants.

### ORDER GRANTING HILL BILLY LLC'S MOTION TO AMEND JURISDICTIONAL ALLEGATIONS AND DENYING PLAINTIFFS' MOTION TO REMAND

Plaintiffs Kira Moore and her minor son Zy'aire Jermaine Perry commenced this action on January 16, 2025, by filing a complaint in Milwaukee County Circuit Court asserting state law negligence claims against the Defendants. This matter is before the Court on Plaintiffs' motion to remand the action back to state court, (ECF No. 20), and Defendant Hill Billy Trucking LLC's motion for leave to amend the jurisdictional allegations in the notice of removal, (ECF No. 25). For the reasons explained below, the Court will grant Hill Billy's motion to amend and deny Plaintiffs' motion to remand.

### BACKGROUND

Plaintiffs' claims stem from a September 12, 2023, car accident that occurred while Moore was pregnant with Perry. (ECF No. 1-3 at 196.) Plaintiffs allege that Defendant Kassahun Haile was driving a truck for Defendant Xpress Line Inc. ("Xpress Line"), Defendant Bowman Sales and Equipment Inc. ("Bowman") and Defendant Hill Billy Trucking LLC ("Hill Billy") when he

rear-ended Moore's car, causing injuries to Moore and her then-unborn son. (*Id.*) After filing their initial complaint on January 16, 2025, Plaintiffs subsequently amended the complaint twice[1] to substitute the proper parties.

On March 17, 2025, the First Amended Complaint was served on Hill Billy Trucking LLC, a now-dissolved Ohio limited liability company, by service on the Ohio Secretary of State. (*See* ECF No. 1-2 at 1); *see also* Ohio Rev. Code §1706.09(H)(2). On April 11, 2025, Hill Billy removed the action to this Court. (ECF No. 1.) The notice of removal invoked the Court's diversity jurisdiction under 18 U.S.C. §1332(a). (*Id.* ¶4.)

On May 21, 2025, Plaintiffs moved for a remand. (ECF No. 20.) Plaintiffs first assert that the case must be remanded for lack of subject-matter jurisdiction. (*Id.* at 3–4.) Plaintiffs note that the notice of removal identifies Moore, Perry, and Haile's state of *residence*, as opposed to their state of *domicile*, as is required to establish the citizenship of a natural person. (*Id.* at 4.) Plaintiffs also assert that the notice failed to allege Hill Billy's citizenship because it failed to allege the citizenship of Hill Billy's members. (*Id.*) Thus, according to Plaintiffs, the case must be remanded based on Hill Billy's failure to establish complete diversity. Plaintiffs further argue that the case must be remanded pursuant to 28 U.S.C. §1446(2)(A) for lack of unanimous consent because Hill Billy failed to obtain the consent of Defendant Southlake Specialty Insurance Company ("Southlake") prior to removal. (*Id.* at 5.)

In response to Plaintiffs' motion to remand, on June 11, 2025, Hill Billy filed a motion for leave to amend the jurisdictional allegations in the notice of removal. (ECF No. 25.) Hill Billy asserts that there is complete diversity between the parties and seeks leave to clarify its jurisdictional allegations regarding Plaintiffs' citizenship, Defendant Haile's citizenship, and its own citizenship. (*Id.* at 2.)

I. **Hill Billy's Motion for Leave to Amend Jurisdictional Allegations**

Hill Billy seeks leave to amend the jurisdictional allegations in its notice of removal to cure the jurisdictional defects identified by Plaintiffs' motion to remand. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. §1653. Plaintiffs did not file anything in opposition to Hill Billy's motion to amend, and the time to do so has expired. *See* Civ. L.R. 7(b) (E.D. Wis. 2010) ("For all motions other than those for summary

---

[1] Plaintiffs' second amended complaint, filed in the Milwaukee County Circuit Court on March 18, 2025, is the operative complaint. (*See* ECF No. 1-3 at 191–200.)

judgment or those brought under Civil L. R. 7(h) . . . any memorandum and other papers in opposition must be filed within 21 days of service of the motion."). The Court will thus assume that Plaintiffs do not oppose Hill Billy's motion. *See* Civ. L.R. 7(d).

Hill Billy acknowledges that the jurisdictional allegations in its notice of removal are defective but nonetheless asserts that there is diversity jurisdiction over this matter. Hill Billy's second proposed amended notice of removal[2] alleges that Plaintiffs are domiciled in, and are thus citizens of, Wisconsin. (ECF No. 35 ¶¶ 5–6.) It further alleges that Defendant Haile is domiciled in, and is thus a citizen of, Tennessee. (*Id.* ¶7.) These amended allegations sufficiently allege the citizenship of Moore, Perry, and Haile. *See, e.g.*, *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) (explaining that natural persons are citizens of the state in which they are "domiciled").

Hill Billy's own citizenship is a more difficult question. For the purposes of diversity jurisdiction, a limited liability company "is a citizen of every state of which any member is a citizen." *Mut. Assignment & Indemnification Co. v. Lind-Waldock & Co.*, 364 F.3d 858, 861 (7th Cir. 2004). Hill Billy ***was*** a limited liability company organized under the laws of Ohio. (ECF No. 35 ¶12.) Hill Billy was dissolved, however, on May 24, 2024, approximately eight months after the events that give rise to Plaintiffs' claims, but before the notice of removal was filed in this Court. (*Id.*; *see* ECF No. 24-5.) Acknowledging that the Seventh Circuit has not considered the issue of the citizenship of a dissolved limited liability company, Hill Billy advances two theories as to its citizenship. First, it asserts that because it is a dissolved LLC with no members at the time of removal, its citizenship should be disregarded. (ECF No. 22 at 6–7.) Alternatively, Hill Billy asserts that the Court should consider the citizenship of its sole member at the time of dissolution in assessing diversity. (*Id.* at 7–8.) Although neither approach would destroy diversity, the Court finds the second approach more compelling.

The Seventh Circuit has not considered this issue, but several other courts have concluded that the citizenship of a dissolved limited liability company is the citizenship of its members at dissolution so long it continues to exist under state law after dissolution. *See Go Fast Sports &*

---

[2] Along with its motion to amend, Hill Billy filed a proposed amended notice of removal. (ECF No. 25-1.) On November 12, 2025, the Court entered a Text Only Order identifying two issues with the proposed amended notice and gave Hill Billy seven days to address them. (ECF No. 34.) On November 17, 2025, Hill Billy filed a second proposed amended notice of removal, which corrected the above issues. (ECF No. 35.) Accordingly, the Court considers the jurisdictional allegations in the second proposed amended notice of removal.

*Beverage Co. v. Buckner*, No. CIV.A.08-CV-01527-MSK-MJW, 2008 WL 2852626, at *2 (D. Colo. July 23, 2008); *Lazar v. Gobron*, 678 F. Supp. 3d 756, 762–63 (W.D. Va. 2023) (noting that considering the citizenship of the members of a cancelled LLC where state law permits it to sue and be sued "deters gamesmanship by those who might fraudulently cancel an LLC for the purpose of securing federal diversity jurisdiction"); *Shimizu Chem. Corp. of Japan v. Capstone Nutritional Holdings, LLC*, No. 1:23-CV-00109-JNP-DBP, 2024 WL 4444503, *1–2 (D. Utah Oct. 8, 2024) (ordering the parties to identify the citizenship of the members of the defendant, a cancelled LLC, because state law did not prevent it from being sued). Under Ohio Law, "[a] limited liability company's dissolution, in itself . . . [d]oes not prevent the commencement of a proceeding by or against the limited liability company in its limited liability company name." Ohio Rev. Code §1706.471(C)(2). The Court will therefore consider the citizenship of Hill Billy's members at dissolution. The second proposed amended notice of removal alleges that when Hill Billy was dissolved on May 24, 2024, Feruzjon Boboyorov was its sole member and agent. (ECF No. 35 ¶12.) Boboyorov is a natural person who is domiciled in, and is thus a citizen of, New York. (*Id.*) Hill Billy is therefore a citizen of New York.

Considering the amended jurisdictional allegations, the Court concludes that granting Hill Billy's motion to amend would cure the jurisdictional defects identified by Plaintiffs and would further confirm this Court's jurisdiction under 18 U.S.C. §1332(a). Plaintiffs are alleged to be citizens of Wisconsin, while Defendants are alleged to be citizens of Tennessee, Texas, New York, Illinois, Indiana, and Maryland. (*See* ECF No. 35 ¶¶5–7, 9–13.) Because no party on the plaintiffs' side of the suit shares citizenship with any party on the defendants' side, there is complete diversity of citizenship between the parties. *See, e.g.*, *Page*, 2 F.4th at 636 (explaining that diversity jurisdiction requires "complete diversity," meaning that none of the parties on either side of the litigation may be a citizen of a State of which a party on the other side is a citizen.) In accordance with the Seventh Circuit's instruction that leave to amend defective jurisdictional allegations "should be freely given," *Helm v. Resol. Tr. Corp.*, 84 F.3d 874, 879 (7th Cir. 1996), the Court will grant Hill Billy's to amend.

## II. Plaintiffs' Motion to Remand

Plaintiffs move to remand this action back to state court. Plaintiff first asserts that Hill Billy failed to carry its burden of establishing complete diversity between the parties. (ECF No. 20 at 3–4.) Plaintiffs assert that the notice of removal failed to properly allege their citizenship,

the citizenship of Defendant Haile, and Hill Billy's citizenship. (*Id.*) But these issues have been resolved by Hill Billy's second proposed amended notice of removal, which properly alleges that Plaintiffs are citizens of Wisconsin, Haile is a citizen of Tennessee, and Hill Billy is a citizen of New York. It further alleges that Hill Billy's sole member at dissolution is a citizen of New York. No party on the plaintiff's side of the suit shares citizenship with any party on the defendant's side. Thus, there is complete diversity of citizenship between the parties. *See Page*, 2 F.4th at 636. And because no one disputes that the amount in controversy exceeds $75,000 exclusive of interests and costs, jurisdiction under 18 U.S.C. §1332(a) is proper. The Court will deny Plaintiffs' motion to remand on this basis.

Plaintiffs further argue that the case must be remanded back to state court for lack of unanimous consent. (ECF No. 20 at 5.) Plaintiffs assert that Hill Billy failed to obtain Southlake's consent prior to removal as required by 28 U.S.C. §1446(b)(2)(A). (*Id.*) However, a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. §1447(c). Hill Billy filed its notice of removal on April 11, 2025. Plaintiffs did not file their motion to remand until May 21, 2025, ten days too late. Hill Billy's failure to obtain Southlake's consent is a mere procedural violation, not jurisdictional. Plaintiffs have thus waived the right to object to lack of consent by failing to file a motion to remand within the required timeframe. *See Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003) (explaining that failure to obtain the consent of all defendants "could have justified a remand," but because plaintiff failed to raise the issue within 30 days, "the case is in federal court to stay"). Accordingly, the Court will deny Plaintiffs' motion to remand.

## CONCLUSION

For the reasons explained above, **IT IS HEREBY ORDERED** that Hill Billy Trucking LLC's Motion to Amend Jurisdictional Allegations, ECF No. 25, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand, ECF No. 20, is **DENIED**.

Dated at Milwaukee, Wisconsin on December 3, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge