UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KIRA MOORE and ZY'AIRE JERMAINE PERRY a minor by his parent and legal guardian Kira Moore,

Plaintiffs,

COMPCARE HEALTH SERVICES INSURANCE CORPORATION and STATE OF WISCONSIN DEPARTMENT OF HEALTH SERVICES,

Case No. 25-cv-0531-bhl

v.

KASSAHUN HAILE, HILL BILLY TRUCKING LLC, BOWMAN SALES AND EQUIPMENT INC, XPRESS LINE INC, CHUBB NATIONAL INSURANCE COMPANY, SOUTHLAKE SPECIALTY INSURANCE COMPANY, and ABC INSURANCE COMPANY,

Defendants.

---

**ORDER**

---

On January 13, 2026, the parties filed a notice of settlement, indicating they were negotiating settlement documents and that a stipulation of dismissal was forthcoming. (ECF No. 40.) Since then, the parties have filed multiple status reports updating the Court on their progress. (ECF Nos. 42, 45, 47, 49, 51, & 53.) On August 27, 2026, the Court accepted the Plaintiffs' most recent report, which stated the parties were unable to file a stipulation of dismissal for the remaining parties because Plaintiffs were "in the process of petitioning the Court regarding the minor's settlement distribution." (ECF Nos. 53 & 54.) The Court directed the parties to file a stipulation or new status report by October 26, 2026. (ECF No. 54.)

On September 28, 2026, Plaintiffs filed two motions. The first was a motion to restrict under Local Gen. R. 79(d), by which Plaintiffs ask to keep information in Plaintiffs' "Petition to Approve Minor Settlement" confidential to the Court and counsel. (ECF No. 56.) Plaintiffs state the documents have sensitive information relating to the settlement and treatment details relating

to the minor in this matter. (*Id.*) The second motion was an unopposed motion to appoint attorney Collin William as the minor's guardian ad litem. (ECF No. 57.)

As for the first motion, Local Rule 79(d) permits parties to ask the Court to restrict access to certain documents to the parties. It also states "[a]ny party seeking to restrict access to documents . . . must include in the motion a certification that the parties have conferred in a good faith attempt to avoid the motion or to limit the scope of the documents." Loc. Gen. R. 79(d)(4) (E.D. Wis.) Plaintiffs have not included this certification in the motion. For that reason, the motion to restrict is denied without prejudice. Plaintiffs may amend and re-file the motion to comply with this order. Plaintiffs' counsel is reminded that federal courts are public courts and that all items filed are presumed open to the public, except in limited circumstances. To the extent portions of a filed document warrant sealing from the public, the party seeking the sealing must keep confidential only those portions that warrant sealing, generally through redactions, with the balance of the document filed on the public record. Loc. Gen. R. 79(d)(1)–(2) (E.D. Wis.)

With respect to the second motion, Federal Rule of Civil Procedure 17(c) provides that a minor may be represented by a "general guardian," or alternatively, if a minor does not have a duly appointed representative, "may sue by a next friend of by a guardian ad litem." Plaintiffs state the minor who is settling claims in this lawsuit has "no general guardian," but also that the child lives with his mother. (ECF No. 57 ¶¶3–4.) Plaintiffs further state that the minor's mother is pursuing claims on his behalf and suing as his "next friend." (*Id.* at 1.) The docket confirms that she has retained counsel both on her own behalf and on behalf of her minor son. Given these facts, it appears that appointing a guardian ad litem is unnecessary; there is no indication that the minor's interests are not being adequately represented or that the interests of the parent and child conflict. *Brown v. Overhead Door Corp.*, No. 06 C 50107, 2007 WL 10022070, at *1 (N.D. Ill. Aug. 7, 2007). As such, the court will deny this motion without prejudice too. Plaintiffs may amend the motion to demonstrate to the Court why it should appoint a guardian ad litem in this matter.

## CONCLUSION

For the reasons explained above, **IT IS HEREBY ORDERED** that Plaintiffs' Motions to Restrict and to Appoint a Guardian ad Litem, ECF Nos. 56 & 57, are **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin on October 7, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge